■ 78th & Park Corporation, Respondent-Appellant, v Thomas G. Hochfelder et al., Appellants-Respondents. [693 NYS2d 527] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered July 15, 1998, insofar as appealed from as limited by the briefs, awarding plaintiff residential cooperative corporation an injunction compelling defendant tenants to provide plaintiff access to their apartment for the purpose of performing certain work therein, dismissing defendants' counterclaim for attorneys' fees, and denying a severance of plaintiff's causes of action for damages caused by defendants' refusal to provide access and for attorneys' fees, unanimously modified, on the law, to sever plaintiff's causes of action for damages and attorneys' fees, and otherwise affirmed, with costs to plaintiff payable by defendants.

Plaintiff properly exercised its business judgment in determining, in connection with the replacement of the building's roof, to raise the terrace doors of defendants' penthouse apartment to make possible the installation of flashing for the new roof, rather than to leave the distance between the doors and the roof surface unchanged or to lower the roof. The first alternative would have resulted in reduced coverage of the new roof's warranty, and the second alternative would have cost about 14 times as much as raising the doors. The lease provision that requires plaintiff to "restore the apartment * * * to its proper and usual condition" after performing work therein to facilitate a building repair does not prohibit permanent alterations as such, and should be construed to require plaintiff to restore the apartment to its previous condition only to the extent consistent with the repair that prompted the work, i.e., to permit the permanent raising of the terrace doors, which is in any event a minor intrusion on the tenancy. A contrary construction would contravene the principles that leases, like other contracts, are to be interpreted as a whole, reasonably, and so as to avoid placing one party at the mercy of the other

(*see*, 1 Dolan, Rasch's Landlord and Tenant § 6:11 [4th ed]). We modify the judgment to sever plaintiff's causes of action for damages and attorneys' fees, which causes of action the motion court did not specifically address. Concur—Sullivan, J. P., Mazzarelli, Lerner, Rubin and Saxe, JJ.